IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CAROL T. ROSE,

       Plaintiff

VS.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

       Defendant

NO. 5:06-CV-283 (CAR)

**SOCIAL SECURITY APPEAL**

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

### HISTORY

Plaintiff CAROL T. ROSE applied for disability benefits and Supplemental Security Income, alleging disability commencing on March 29, 2002. Her application was denied initially and upon reconsideration. Plaintiff applied for a hearing by an administrative law judge ("ALJ"), who issued an unfavorable decision. Plaintiff appealed the ALJ's finding to the Appeals Council, which denied Plaintiff's request for review on June 15, 2006. Plaintiff alleges disability due to a seizure disorder.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[2] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff ROSE's entire case seems to be based on the conclusory findings of the plaintiff's treating neurologist, Dr. Christina L. Mayville. In a "To Whom It May Concern" letter dated October 14, 2004, Dr. Mayville opined that plaintiff Rose "is completely and permanently disabled."[3] Tr. 545. Such a conclusion is a "disability" conclusion and not a "medical" conclusion, and the Social Security Regulations specifically provide that a finding of "disability" from a medical source is not given any special significance with respect to the finding of disability. 20 C.F.R. §404.1527(e)(1). The Eleventh Circuit has clarified those regulations: ""[W]e are concerned here with the doctors' evaluations of [a claimant's] condition and the medical consequences thereof, not their opinions of the legal consequences of [a claimant's] condition." ***Lewis v. Callahan***, 125 F.3d 1436, 1440 (11th Cir. 1997).

Plaintiff objects to the ALJ's finding that her post traumatic stress disorder and other mental conditions were non-severe. However, there is insubstantial evidence to support plaintiff's claim. Her contention finds support only in her own testimony which the ALJ found not to be credible, especially in light of the plaintiff's day-to-day activities which include virtually all activities associated with a normal lifestyle. Tr. at 24.

---

[3]The limitations Dr. Mayville specifically put on the plaintiff's ability to work included "activities that could prove dangerous should a seizure occur such as operating machinery, climbing ladders, working in high temperatures, or unsupervised settings." Tr. 545.

-3-

## CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that the Commissioner's decision be **AFFIRMED.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 28th day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE